HENRY G. HESTER, ESQ.
State Bar #: 004051
PHILLIPS & LYON, P.L.C.
1212 East Osborn Road
Phoenix, AZ 85014
(602) 234-2000
Attorney for Plaintiffs
E-Mail: hhester@phillipsandlyon.com

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| JACQUELYNN E. WILLIS and CASEY WILLIS, wife and husband,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendants. | No.<br><br>**C O M P L A I N T**<br><br>**(Tort Motor-Vehicle)** |

Plaintiffs, by and through their attorneys, Phillips & Lyon, P.A., allege as follows:

## JURISDICTION

1. This is a claim for money damages against the United States under the Federal Tort Claims Act (FTCA) 28 U.S.C. §§2671-2680 arising out of claimed negligent acts of the Department of Homeland Security and United States Customs and Customs Enforcement.

2. This Court has jurisdiction of this civil action pursuant to 28 U.S.C.§1346(b)(1). Prior to filing suit, Plaintiffs submitted the appropriate administrative claim demanding a total of $170,000.00 with the appropriate federal agency which claim was received by them and formally denied on August 16, 2013.

3. At the time of the events alleged in this Complaint Defendant United States of America and its employee Teri Hamel was acting within the scope of employment by United States U.S. Department of Homeland Security and U.S. Immigration and Customs and under circumstances where the United States, if a private person, would be liable to the Plaintiffs in accordance with the law of Arizona.

## VENUE

4. Venue is proper as a substantial part of the acts or omissions giving rise to the claim occurred in and the Plaintiff resides in this judicial district. 28 U.S.C. §1391 (b)(2).

## STATEMENT OF FACTS AND LEGAL THEORIES

5.  The events alleged in this Complaint occurred on or about **April 12, 2011** at or near North Central Avenue and West Glendale Avenue in Phoenix, Arizona. At that time Teri Hamel, an employee of Defendant **UNITED STATES OF AMERICA** acting within the scope of her employment for the Defendant was operating the Defendant's motor vehicle and caused that vehicle to collide with the motor vehicle operated by Plaintiff as described below.

6.  Teri Hamel, Defendant's employee, was traveling west bound on Interstate 10 directly behind Plaintiff's vehicle and failed to control the speed of her vehicle when she rear-ended Plaintiff's vehicle with her vehicle. The impact pushed the truck bed of Plaintiff's vehicle into the rear outer cab and caused damages to the rear bumper, and tailgate. This impact caused Plaintiff to be moved in a sudden and forceful manner causing her personal injuries and damages alleged below.

7.  At the date, time and location described above Defendant's employee Teri Hamel failed to use reasonable care under the circumstances in breach of the duty owed to Plaintiffs to use reasonable care in the operation of their vehicle thereby causing injuries to Plaintiff **JACQUELINE E. WILLIS** which negligence is imputed to Defendant **UNITED STATES OF AMERICA.**

## CAUSATION\DAMAGES

8.  As a direct and proximate result of the negligence of the Defendant's employee as alleged above, Plaintiff sustained personal injuries including, but not limited to, back pain, neck pain, headaches, cervical facet syndrome, cervical thoracic strain, lumbar strain, cervicalgia, upper body muscle sprains and strains, thoracic and lumbar decrease in ranges of motion, chest tenderness and sprain strain, shoulder myalgia, and sleep disturbances which caused Plaintiff pain, suffering, distress, mental and emotional anguish and anxiety and a general decrease in the quality of life which injuries may have a permanent, residual effect.

9.  As a further direct and proximate result of the negligence of the Defendant, Plaintiffs have incurred expenses for medical treatment in an amount not less than $42,332.60 which losses and expenses are expected to be continuing in the future due to ongoing shoulder

and back pain. That care and treatment has included, but is not limited to, physician care and treatment, pain management care and treatment including pain medications and injections, physical therapy, and chiropractic care and treatment.

10. As a further direct and proximate result of the events set forth above, Plaintiff **JACQUELYNN E. WILLIS** has suffered a loss of wages and other benefits and opportunities as an employee at Hollywood Alley in an amount not less than $23,730.00 (this amount represents Plaintiff's missed time for 297 shifts times $80 per day). Plaintiff is likely to have future lost wages due to her injuries and for the care and treatment needed for her injuries.

11. As a further direct and proximate result of the events set forth above, **JACQUELYNN E. WILLIS** incurred property damage in an amount not less than $8,775.00 for the damages to and loss of her vehicle as described above.

12. As a further direct and proximate result of the events set forth above, Plaintiffs have incurred substantial expenses for hospital treatment, physicians, pharmaceuticals, prosthetic appliances, physical therapy and/or other medical expenses, and may continue to incur such expenses in the future.

13. As a further direct and proximate result of the negligence set forth above, and as a consequence of the injuries sustained by Plaintiff **JACQUELYNN E. WILLIS**, Plaintiff's spouse has lost the Plaintiff's services, companionship and consortium, all to his or her damage in an amount which will be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs prays for judgment against Defendant as follows:

1. In the amount of $42,332.60 for medical expenses to date;
2. In the amount of $23,700.00 for lost wages to date;
3. In the amount of $8,775.00 for property damage incurred to date;
4. For additional general damages including, but not limited to, pain and suffering, loss of consortium, future medical expenses and lost wages if any and such other elements of general damages as may be proven at the time of trial;

5. For such other relief as the Court deems appropriate; and,

6. For interest on any Judgment from the date entered until paid in full.

DATED this 29th day of October, 2013.

                                                    PHILLIPS & LYON, P.L.C.

                                                    By /s/ Henry G. Hester
                                                        HENRY G. HESTER
                                                        Attorneys for Plaintiffs